**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK ANTHONY CIMINO, and
all other similarly situated pre-trial
inmates,

        Plaintiff-Appellant,

v.

TINA ROWE, United States Marshal;
and ALL OTHER
ADMINISTRATION AND/OR
OFFICERS, unknown to me at this
time, 10th District of Colorado,

        Defendants-Appellees.

No. 98-1287
(D.C. No. 97-Z-59)
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Patrick Anthony Cimino, proceeding pro se, appeals the district court's entry of summary judgment in favor of defendants on his claim brought under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), that he was denied medical attention while he was a federal pretrial detainee. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff alleges that defendants disregarded his serious medical needs pertaining to a back injury he sustained in 1991 that has required numerous surgeries and constant medical care. He asserts that defendants failed to provide him with medical devices designed to alleviate his pain and prevent further deterioration of his back condition while he was in their custody following his arrest in May of 1996. Plaintiff claims that as a consequence of defendants' deliberate indifference to his serious medical needs, he has suffered a severe, permanent worsening of his back condition. Plaintiff's claims against these defendants are based on their actions in transporting him to and from the Federal Detention Center run by the Bureau of Prisons, and in keeping him in a cell at the federal courthouse. Any complaints plaintiff may have against the Bureau of Prisons or other agencies are not before this court. <u>Cf.</u> <u>Cimino v. Perrill</u>, No. 98-1303, 1999 WL 14049 (10th Cir. Jan. 15, 1999) (<u>Cimino I</u>) (addressing

plaintiff's claims against personnel at Federal Detention Center in Englewood, Colorado).

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

On appeal, plaintiff argues (1) the district court erred in dismissing defendant Rowe based on her position as supervisor of the Marshal Service; (2) as a pretrial detainee, plaintiff was entitled to a higher standard of medical care than a convicted prisoner and therefore was not required to show deliberate indifference; (3) the district court failed to inform plaintiff of the evidence necessary to resist summary judgment; (4) the district court relied on defendants' affidavits to enter summary judgment while disregarding plaintiff's countervailing information; and (5) the district court erred in finding that defendants were not required to provide medical treatment, despite the fact that a federal court had directed them to provide medical treatment to plaintiff. Plaintiff listed as an issue the district court's failure to distinguish between the medical evidence of his condition before and after his injuries were enhanced by defendants' treatment,

but he did not support that claim with arguments and authorities, so we deem it waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990).

We first address plaintiff's claim that the district court erred in dismissing defendant Rowe. He avers that defendant Rowe failed to properly supervise the marshals under her command and as a result, he sustained damages. He has not alleged that defendant Rowe had actual knowledge of or acquiesced in the constitutional violations. Marshal Rowe's affidavit states that she had no personal involvement in the transportation or medical care of plaintiff. See R. doc. 36, ex. A. A supervisor will not be held liable for the unconstitutional acts of her subordinates absent proof of actual knowledge and acquiescence in the constitutional deprivations. Cf. Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992) (action brought pursuant to 42 U.S.C. § 1983). Accordingly, defendant Rowe was properly dismissed.

Plaintiff's claim that as a pre-trial detainee he could demonstrate a violation of his constitutional rights under a lesser standard than deliberate indifference is without merit. "'[I]n this circuit a prisoner, whether he be an inmate in a penal institution after conviction or a pre-trial detainee in a county jail, does not have a claim against his custodian for failure to provide adequate medical attention unless the custodian knows of the risk involved, and is

"deliberately indifferent" thereto.'" Cimino I, 1999 WL 14049, at **1 (quoting

Barrie v. Grand County, Utah, 119 F.3d 862, 868-69 (10th Cir. 1997)).

Plaintiff next complains that the district court did not permit him an

adequate opportunity to present his evidence to resist summary judgment. The

district court properly informed plaintiff that defendants' motion to dismiss was

converted to a motion for summary judgment and directed him to respond. See,

e.g., V-1 Oil Co. v. Utah State Dep't of Pub. Safety, 131 F.3d 1415, 1419 (10th

Cir. 1997). Plaintiff complains that the district court did not inform him of the

information that would be necessary to resist summary judgment. The district

court's duty to construe his pro se pleadings liberally, see Haines v. Kerner, 404

U.S. 519, 520-21 (1972), did not obligate it to act as an advocate for plaintiff, see

Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998).

Plaintiff objects to the entry of summary judgment on the ground that the

district court relied on defendants' affidavit but disregarded plaintiff's statement

of events. Defendants submitted the affidavit of their custodian of prisoners'

records who stated that a review of the records, kept as a routine business

practice, revealed that plaintiff had been in defendants' custody, that no special

instructions had been received for transporting or jailing him, that plaintiff had

stated he had metal rods in his back, and that medical care for prisoners was

provided by the Federal Detention Center who informed defendants when special medical care for a prisoner was necessary. See R. doc. 36, ex. B.

In opposition to defendants' motion for summary judgment, plaintiff stated that defendants were informed by his defense attorney, the prosecutor and a federal agent that he required medical accommodation for his back condition. Plaintiff further maintains that his medical records show that medical treatment was prescribed for him but not provided by these defendants and others. These conclusory allegations not supported by evidence are insufficient to resist summary judgment. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

Plaintiff maintains that the federal district judge in his criminal case had ordered defendants to provide him medical treatment. The order on which plaintiff relies does not appear in the record, but it was quoted in Cimino I, 1998 WL 14049, at **5. Contrary to plaintiff's assertion, the order was not directed to these defendants and did not require that he be provided medical treatment. Rather, it directed the Federal Detention Center, not these defendants, to submit a report on plaintiff's medical condition and care.

Defendant has failed to show that defendants failed to provide him medical care. The medical report available to defendants did not indicate that the medical treatment plaintiff received while awaiting trial was harmful or inadequate. See

R. doc. 25, ex. A. Moreover, no medical reports issued subsequent to plaintiff's pretrial custody indicated that he had been treated improperly or that he had not received necessary medical attention. Cf. Cimino I, 1998 WL 14049, at **4 ("Not only did Cimino receive a vast quantity of medical care [at the Federal Detention Center], but . . . there is nothing in the record to suggest that the quality of care received was cruel and unusual."). Accordingly, we hold that plaintiff has not demonstrated that any member of defendant Marshal Service was deliberately indifferent to his medical needs. Therefore, summary judgment was appropriate because plaintiff "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge